IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **PINPOINT WAREHOUSING, LLC,** | ) | Case No. 17-31701 |
| | ) | |
| Debtor. | ) | |

## MOTION FOR RELIEF FROM SALE ORDER

Pursuant to Federal Rule of Civil Procedure 60(b)(1) as incorporated by Bankruptcy Rule 9024, Pinpoint Warehousing LLC, the above-captioned debtor and debtor in possession (the "Debtor"), by this motion (the "Motion"), respectfully requests relief from the Court's order on the *Debtor's Motion for Authority to Sell Accounts Receivable Free and Clear of All Liens, Claims, Interests, or Encumbrances Pursuant to Section 363 of the Bankruptcy Code or to Incur Post-Petition Secured Debtor Pursuant to Section 364 of the Bankruptcy Code* (the "Sale Motion") [Doc. 12], which was rendered on October 25, 2017.  In support of this Motion, the Debtor shows the Court as follows:

### BACKGROUND

1. The Debtor is a full-service warehousing company that provides streamlined warehousing, contract packaging, distribution, and order fulfillment processes from five leased facilities located in Charlotte, North Carolina.

2. On October 17, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in this Court. The Debtor continues in possession of its properties and the management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor filed the Sale Motion on October 20, 2017, seeking authority to continue selling accounts receivable to its pre-petition factor, LSQ Funding Group, L.C. ("LSQ") on a post-petition basis pursuant to sections 363 and/or 364 of the Bankruptcy Code. The Court held an expedited hearing on the Sale Motion on October 25, 2017.

4. At the hearing, the terms of the proposed sale(s) were reviewed with the Court. All interested parties, including but not limited to LSQ, were afforded an opportunity to address their interests in and concerns over the requested relief. The Court concluded that all parties consented to the proposed transaction on the terms presented and granted the Sale Motion.

5. However, following the hearing and during the process of preparing a proposed order on the Sale Motion, LSQ asserted that it required a full and complete release of any and all Chapter 5 avoidance action claims that might otherwise exist against it as a condition of continued factoring. This term occasioned new disputes over the propriety of allowing the Sale Motion among the Bankruptcy Administrator, interested creditors, LSQ, and the Debtor. Negotiations over a possible compromise were unsuccessful.

6. In response to this difficult situation, the Debtor negotiated an alternative post-petition factoring agreement with Goodman Factors, a division of Independent Bank ("Goodman") on terms substantially similar to that previously approved by the Court. The Debtor believes this alternative agreement is preferable to continuing to factor with LSQ, in that the Debtor has no pre-existing business relationship with Goodman and avoidance actions will not be an issue.

7. A true and accurate copy of the proposed Factoring Agreement and Security Agreement between the Debtor and Goodman (the "Contract") is attached hereto as <u>Exhibit A</u>.

**RELIEF REQUESTED**

8.  The Debtor respectfully requests that the Court relieve it from the prior ruling on the Sale Motion and allow the substitution of Goodman for LSQ.  Thus, rather than selling accounts receivable to LSQ as contemplated in the original Sale Motion, the Debtor requests authorization to sell its accounts receivable to Goodman upon the terms set forth in the Contract, by private sale free and clear of all liens, claims, interests and encumbrances (with all such liens, claims, interests, and encumbrances to attach to the sale proceeds).

9.  The Debtor further requests that Goodman be granted a first-priority security interest on those accounts receivable that it purchases from the Debtor, as well as all related documents, contract rights, general intangibles, returned inventory, reserves and credit balances under the Contract, and proceeds of the foregoing (including rights to collect under any applicable insurance policies).

**BASIS FOR REQUESTED RELIEF**

10.  Pursuant to Federal Rule of Civil Procedure 60(b)(1), on "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect …." Fed. R. Civ. P. 60(b)(1).

11.  In the case at bar, the parties and the Court were either mistaken as to the agreed terms upon which the Sale Motion was previously approved, or, at a minimum, were surprised by LSQ's assertion that a third-party release would be a condition of the proposed factoring.

12.  Rule 60(b)(1) is an appropriate mechanism to obtain relief from a prior order whenever a court would not have granted relief had it been apprised of all the relevant facts.  *See*

*Midkiff v. Stewart (In re Midkiff)*, 342 F.3d 1194, 1200 (10th Cir. 2003) (citing *In re Cisneros*, 994 F.2d 1462 (9th Cir. 1993)).

13. The Debtor asserts that, had the Court known of the disputed terms raised by LSQ and its refusal to otherwise purchase accounts receivable, it would not have granted the Sale Motion as it did. At the same time, the Court may justly substitute Goodman for LSQ and afford the Debtor the same relief.

14. Continued funding on a timely basis is essential to the Debtor's ongoing business and its ability to reorganize under Chapter 11 of the Bankruptcy Code. Accordingly, the relief requested in this Motion is in the best interests of the Debtor, its bankruptcy estate, and all affected parties.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief sought in this Motion, modify its ruling on the Sale Motion accordingly, and grant such other relief as is just and proper.

Dated:  Charlotte, North Carolina
        November 2, 2017

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*
Richard S. Wright (Bar No. 24622)
Caleb Brown (Bar No. 31141)
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone:  (704) 944-6560
Facsimile:   (704) 944-0380
*Counsel for the Debtor*

MWH: 10398.001; 00018152.1